# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JEREMIAH ADAMS,            )
                           )
       Plaintiff,          )
                           )
v.                         )   Case No. CIV-11-305-FHS
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social     )
Security Administration,   )
                           )
       Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Jeremiah Adams (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 28, 1979 and was 31 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a construction set-up worker and shipper/manufacturing worker. Claimant alleges an inability to work beginning February 1, 2008 due to limitations resulting from

3

bipolar disorder, panic attacks, PTSD, depression, agoraphobia, and right shoulder pain.

**Procedural History**

On April 10, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 7, 2010, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On July 16, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on July 18, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work with some limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to

properly assess Claimant's RFC; (2) finding Claimant could perform other work; and (3) failing to properly evaluate Claimant's credibility.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post-left ankle fracture with surgery, status post-right ankle fracture with surgery, history of right rotator cuff injury, bipolar affective disorder with panic disorder symptoms, and agoraphobia. (Tr. 13). He concluded Claimant retained the RFC to perform sedentary work by occasionally lifting and/or carrying 10 pounds and frequently lifting and/or carrying up to 10 pounds, and stand and/or walk at least 2 hours out of an 8 hour workday with normal breaks. The ALJ also found Claimant had some non-exertional limitations of simple, repetitive tasks in an environment that provides no more than incidental contact with the general public. (Tr. 16). After consultation with a vocational expert, the ALJ concluded that jobs in significant numbers existed in the economy for Claimant to perform, including that of Clerical Mailer, Bonder/Assembler, and Sorter. (Tr. 23).

Claimant first contends the ALJ found he had a severe impairment in his right rotator cuff but did not accommodate this limitation in his RFC findings. Specifically, the ALJ did not

assess any limitations upon Claimant's ability to reach in all directions with his dominant right arm. Claimant confuses a diagnosed condition with the limitations that such a condition might impose. Clearly, Claimant's torn rotator cuff appears in the medical record. (Tr. 279). However, Dr. Brian Boggs, a reviewing examiner, found in his Physical Residual Functional Capacity Assessment on September 4, 2009 that Claimant had an "alleged right shoulder strain" and reported pain after "lifting a heavy object." Tr. 368). Other records indicate Claimant may have hurt his shoulder in the Army in 1998. (Tr. 420). This Court has not been directed to any medical evidence which would indicate Claimant's ability to reach is limited. The ALJ is not required to include unproven limitations in his RFC assessment. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Claimant next indicates the ALJ should have included his diagnosis of an antisocial personality disorder from 2005 and 2007. This Court would first note that Claimant alleges a disability beginning on February 1, 2008 while acknowledging that the prior medical records are relevant to consideration of Claimant's disability. The ALJ found Claimant had "moderate difficulties" with social functioning. (Tr. 14). He recognized the testimony of Claimant, his wife, and a friend and former supervisor that

Claimant had outbursts of anger and aggression toward other employees. Claimant also was reportedly difficult to get along with due to his insistence that things be done his way. Id. The ALJ also recognized that Claimant "retains loyalty to his wife and family and at least one friend." He gets together with family and friends at his home for social interaction, even though he mus "suffer through some social interaction to avail himself of" playing softball. Relying upon the medical record, the ALJ concluded that when Claimant is on his medication, "his condition is such that he should be able to sustain regular and continued employment." (Tr. 20). The medical record supports this finding. (Tr. 279, 377). An impairment that can be controlled with medication is not a disability. Pacheco v. Sullivan, 931 F.2d 695, 697-98 (10th Cir. 1991). This Court finds no error in the ALJ's RFC evaluation.

**Performance of Other Work**

Claimant contends that the failure to include restrictions in the ability to reach due to his rotator cuff impairment tainted the questioning of the vocational expert and the expert's subsequent findings of job availability. Since this Court found no error in the failure to include reaching restrictions, the questioning of the vocational expert and his findings are not erroneous.

**Credibility Determination**

Claimant challenges the adequacy of the ALJ's linking of findings on credibility to the record. This Court does agree that it is an unfortunate use of boilerplate language that this and other ALJs employ when they find that a particular claimant's credibility is not in line with the ALJ's determined RFC and, therefore, subject to question. Indeed, the RFC should be the end product rather than the preliminary conclusion from which all evidence is evaluated. This Court must, however, look beyond the boilerplate and review the adequacy of the credibility findings and the affirmative link required to support them.

As stated, it is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage,

effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ cited the inconsistencies in Claimant's testimony. Namely, his level of activity in engaging in sports, his willingness to interact with others despite his stated antisocial behavior, and his ability to walk some considerable distance despite alleged limitations. (Tr. 17). The ALJ's findings on Claimant's credibility are substantially supported by the record and his analysis is not flawed.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE